Matter of Laurencell (2021 NY Slip Op 04603)





Matter of Laurencell


2021 NY Slip Op 04603


Decided on August 4, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SYLVIA O. HINDS-RADIX, JJ.


2019-04921 

[*1]In the Matter of Marianne Laurencell, admitted as Marianne Laurencell Kiss, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Marianne Laurencell, respondent. (Attorney Registration No. 4245478)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated April 16, 2019, and the respondent served and filed an answer verified on May 24, 2019. Subsequently, the Grievance Committee submitted a statement of disputed and undisputed facts dated June 4, 2019, and the respondent filed a response dated June 21, 2019. By decision and order on application of this Court dated July 31, 2019, the matter was referred to the Honorable Lance D. Clarke, as Special Referee, to hear and report. On October 9, 2019, the respondent filed an amended answer verified on October 8, 2019. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on June 28, 2004, under the name Marianne Laurencell Kiss.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated April 16, 2019, containing seven charges of professional misconduct. Following a prehearing conference held on September 26, 2019, and a hearing conducted on December 20, 2019, the Special Referee filed a report dated March 30, 2020, in which he sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In an affirmation in response, the respondent's counsel states that the appropriate sanction is a stayed suspension with conditions as directed by this Court, inter alia, directing the respondent to continue with her mental health treatment. In the alternative, counsel states that this Court should impose a suspension no greater than six months.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to her as a fiduciary incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: At all times relevant herein, the respondent [*2]maintained an attorney trust account at Capital One Bank entitled "Marianne Laurencell/IOLA Attorney Trust Account," account number ending in 5777 (hereinafter the attorney trust account). As of October 12, 2015, the balance in the attorney trust account was $0. On or about October 13, 2015, the respondent deposited $22,550 into the attorney trust account representing funds she received from her father, Donald Laurencell. Those funds were to be used to pay the balance of the purchase price for a cooperative apartment Mr. Laurencell was buying in Brooklyn (hereinafter the Laurencell transaction). The respondent was acting as attorney for her father in this transaction. The closing for the Laurencell transaction was held on November 17, 2015.
Between October 13, 2015, and November 17, 2015, the respondent was required to maintain $22,550 in the attorney trust account in connection with the Laurencell transaction. Between October 13, 2015, and November 17, 2015, the balance in the attorney trust account fell below the amount the respondent was required to maintain, including as follows:
Date Account Balance
10/13/15 $22,000
11/9/15 $21,300
On November 17, 2015, the balance in the attorney trust account was $21,300. On that date, the respondent issued checks totaling $21,559.56 from the attorney trust account in connection with the Laurencell transaction.
On November 18, 2015, the respondent deposited $475 into the attorney trust account, which she had received from Mr. Laurencell toward the closing costs.
As of November 30, 2015, accounting for the $22,975 received from Mr. Laurencell in connection with the Laurencell transaction and the disbursements of $21,559.56 made at the closing, the respondent was required to have maintained $1,415.44 in the attorney trust account in connection with the Laurencell transaction. On or about November 30, 2015, however, the balance in the attorney trust account was only $215.44.
By December 7, 2015, the balance in the attorney trust account was depleted to $5.44. The balance in the attorney trust account was depleted due to the respondent's removal of funds for her own use and benefit.
On or about December 23, 2015, the balance in the attorney trust account was $5.44. On that date, the respondent issued check no. 122 for $1,000 from the attorney trust account, payable to the seller of the property in the Laurencell transaction, in connection with postclosing costs.
On January 7, 2016, a down payment in the amount of $5,000 was deposited into the attorney trust account in connection with a real estate transaction in which the respondent represented the seller, Albert Zipperle (hereinafter the Zipperle transaction). This deposit brought the balance in the attorney trust account to $5,005.44.
Check no. 122, payable to the seller in the Laurencell transaction, cleared the attorney trust account on February 1, 2016, against funds that had been entrusted to the respondent in connection with the Zipperle transaction.
Charge two alleges that the respondent misappropriated funds entrusted to her as a fiduciary incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On January 7, 2016, a down payment in the amount of $5,000 was deposited into the attorney trust account in connection with a real estate transaction in which respondent represented the seller, Albert Zipperle. This deposit brought the balance in the attorney trust account to $5,005.44. The closing for the Zipperle transaction was held on April 21, 2016.
Between January 7, 2016, and April 21, 2016, the respondent was required to maintain $5,000 in the attorney trust account in connection with the Zipperle transaction. Between January 7, 2016, and April 21, 2016, the balance in the attorney trust account fell below the $5,000 the respondent was required to maintain, including as follows:
Date Account Balance
2/1/16 $4,005.44
3/29/16 $2,505.44
4/15/16 $2,355.44
The balance in the attorney trust account was depleted due to the respondent's removal of funds for her own use and benefit.
Charge three alleges that the respondent misappropriated funds entrusted to her as [*3]a fiduciary incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On August 29, 2016, the respondent deposited a $19,000 down payment into the attorney trust account in connection with a real estate transaction in which she represented the seller, Arlene Sykes (hereinafter the Sykes transaction). The closing for the Sykes transaction was held on November 14, 2016.
Between August 29, 2016, and November14, 2016, the respondent was required to maintain $19,000 in the attorney trust account in connection with the Sykes transaction. Between August 29, 2016, and November 14, 2016, the balance in the attorney trust account fell below the $19,000 the respondent was required to maintain, including as follows:
Date Account Balance
8/30/16 $15,958.77
9/16/16 $15,074.23
10/13/16 $15,814.23
11/10/16 $16,944.46
At the time of the closing for the Sykes transaction on November 14, 2016, the attorney trust account held a balance of $16,944.46. At the Sykes closing on November 14, 2016, the respondent issued four checks from the attorney trust account totaling $15,309. The respondent's legal fee for the Sykes transaction was $975.
Following the Sykes closing, accounting for the $19,000 received in connection with the Sykes transaction and the disbursements of $15,309 made at the closing, and deducting the respondent's fee of $975, the respondent was still required to have maintained $2,716 in the attorney trust account in connection with the Sykes transaction. Following the Sykes closing, $2,716 remained due and owing to the New York City Department of Finance in connection with that transaction.
As of November 28, 2016, the balance in the attorney trust account was depleted to $635.46. The balance in the attorney trust account was depleted due to the respondent's removal of funds for her own use and benefit.
On or about December 12, 2016, in connection with the Sykes closing, the respondent issued check nos. 137 and 136 from the attorney trust account, payable to the New York City Department of Finance, in the amounts of $1,120 and $40, respectively.
On December 21, 2016, check no. 136, payable to the New York City Department of Finance, was dishonored due to insufficient funds.
Charge four alleges that the respondent commingled funds entrusted to her as a fiduciary incident to her practice of law with her own funds, in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: Between April 6, 2016, and January 13, 2017, the respondent made at least 10 deposits of personal funds into the attorney trust account.
Charge five alleges that the respondent issued checks against the attorney trust account payable to cash, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or about November 9, 2015, and March 29, 2016, the respondent issued check nos. 106 and 124 from the attorney trust account, payable to cash, in the amounts of $200 and $1,500, respectively.
Charge six alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: By correspondence to the Grievance Committee dated May 16, 2017, the respondent submitted a spreadsheet that included a falsified accounting of the funds held in the attorney trust account during the subject review period.
Charge seven alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on all of the above-mentioned factual allegations.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all charges. The Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, the record confirms that the respondent failed to honor her obligation as a fiduciary and to abide by the rules governing the maintenance of an attorney's special account. The respondent misappropriated [*4]funds for her own use and benefit, commingled personal funds in the attorney trust account, and issued checks payable to cash. In aggravation, she engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by submitting a spreadsheet to the Grievance Committee that included a falsified accounting of the funds in the attorney trust account during the relevant review period. We have also considered, in mitigation, evidence that the respondent's conduct occurred during a period when she experienced personal and emotional difficulties for which she sought mental health treatment; her admission of wrongdoing and expressed remorse; that all clients have been made whole; the respondent's good character and community and religious activities; and her unblemished disciplinary history.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of two years (see Matter of Pupke, 166 AD3d 49; Matter of Kalba, 164 AD3d 39; Matter of Weiss, 157 AD3d 87).
LASALLE, P.J., MASTRO, RIVERA, DILLON and HINDS-RADIX , JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Marianne Laurencell, admitted as Marianne Laurencell Kiss, is suspended from the practice of law for a period of two years, commencing September 3, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 3, 2023. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), and (3) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Marianne Laurencell, admitted as Marianne Laurencell Kiss, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Marianne Laurencell, admitted as Marianne Laurencell Kiss, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Marianne Laurencell, admitted as Marianne Laurencell Kiss, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court